**Lin T. KALINAUSKAS, Plaintiff,**

v.

**Nelson Yin Nin WONG; Kenneth Mark Ng Houng; Caesars World, Inc.; Caesars World Marketing Corp.; Robert Val Moon; Desert Palace, Inc. dba Caesars Palace Hotel and Casino, Defendants.**

**No. CV–S–92–689–PMP (RJJ).**

United States District Court,
D. Nevada.

Oct. 27, 1992.

Robert J. Kossack, Las Vegas, NV, for plaintiff.

Robert Zentz, William Cooper, Kirshman & Harris, Las Vegas, NV, for defendants.

## ORDER

PRO, District Judge.

Before the Court is Defendants' Motion to Disqualify Robert J. Kossack as Counsel to Plaintiff Lin Kalinauskas (# 15) which was filed on September 18, 1992. Plaintiff filed her Opposition and Motion for Rule 11 Sanctions (# 21) on September 24, 1992. Defendants filed their Reply and Opposition to Rule 11 Sanctions (# 23) on September 30, 1992. On October 22, 1992, Plaintiff filed a Supplemental Affidavit in Support of Plaintiff's Response to Defendants' Motion to Disqualify Plaintiff's Counsel Robert Kossack (# 30).

A second motion before the Court is Defendants' Motion to Dismiss State Claims; Motion to Stay all Proceedings Pending Ruling on Defendants' Motion to Disqualify Plaintiff's Counsel Robert Kossack (# 17) which was filed on September 21, 1992. Plaintiff filed her Opposition (# 24) on September 30, 1992. Defendants filed their Reply (# 25) on October 6, 1992.

Finally, on September 23, 1992, Plaintiff filed a Motion for Partial Summary Judgment (# 19). Defendants filed their Corrected Opposition (# 27) on October 13, 1992. Plaintiff filed her Reply (# 26) on October 9, 1992. In addition, on October 13, 1992, Defendants filed an Objection to Inadmissible Evidence Proffered in Plaintiff's Motion for Partial Summary Judgment (# 28). Plaintiff filed her Response to Defendants' Objection (# 29) on October 16, 1992.

## I.

In their Motion to Disqualify Plaintiff's Attorney, Defendants assert that Plaintiff's present attorney, Robert Kossack, Esq. ("Kossack"), is merely seeking to advance his own personal financial interest by bringing the instant case and that he has disregarded the best interests of his client. In support of this accusation, Defendants point to statements made by Plaintiff's treating psychiatrist, Dr. Juan Laborati ("Laborati"), who at Plaintiff's SIIS hearing testified that Plaintiff is both dysfunctional and potentially suicidal and that the litigation process has been harmful to her. Defendants also submit the affidavit of Bruce Aguilara ("Aguilara"), Senior Vice President and General Counsel for Defendant Caesars Palace, which recounts a conversation he had with Kossack during settlement negotiations wherein Kossack allegedly stated he was concerned that Plaintiff's suicidal tendencies might lead her to death before Kossack could get paid. *See* Motion to Disqualify (# 15), p. 4–5. Based on these assertions, Defendants urge this Court to disqualify Kossack based on its discretion to regulate the ethical conduct of attorneys practicing before it.

In response, Kossack states that Defendants' motion is nothing other than another example of a continued desperate and underhanded attempt by Defendants' counsel, Norman Kirshman, Esq. ("Kirshman"), to gain a strategic advantage in this litigation. Kossack maintains that the statements contained in Aguilara's affidavit are false, and that, as evidenced by a letter from Dr. Laborati and declarations made by Plaintiff, Plaintiff desires to vindicate her legal rights against Defendants and to maintain Kossack as her attorney. *See* Opposition (# 21), Exhibits 11–14, and the Affidavit of Dr. Laborati (# 30).

Where there exists (1) a clear violation of the professional rules of conduct, (2) which affects the public view of the judicial system or the integrity of the court, and (3) which is serious enough to outweigh the parties' interests in counsel of their choice, a court may disqualify an attorney from representing a party. *See Optyl Eyewear Fashion Intern. v. Style Companies,* 760 F.2d 1045, 1049 (9th Cir. 1985); *In Re Coordinated Pretrial Proceedings, Etc.,* 658 F.2d 1355, 1360–61 (9th Cir.1981); *see also Kitchen v. Aristech Chemical,* 769 F.Supp. 254, 256–58 (E.D.Ohio 1991). Because of the potential for abuse, if such motions are brought in bad faith, sanctions for bringing such a motion may be appropriate. *Optyl Eyewear Fashion Intern.,* 760 F.2d at 1050–51.

Although there is some evidentiary support for Defendants' contention that Plaintiff's mental and emotional well-being has been severely taxed by the ongoing litigation, this Court finds that Plaintiff has demonstrated her desire to go forward with the litigation and her desire to have Kossack as her attorney. Given this fact, and without sufficient proof that Plaintiff is incompetent to decide what is in her best interests, Defendants' Motion to Disqualify Kossack will be denied.

Counsel for Plaintiff and Defendants also seek sanctions against each other pursuant to Fed.R.Civ.P. 11. The imposition of Rule 11 sanctions is a serious matter for any attorney and this Court does not impose such sanctions lightly. The Court will deny the reciprocal Rule 11 sanction requests with an admonition to all counsel in this case. Future motions containing the personal attacks, sarcasm and invective exhibited in the most recent filings by counsel will not be tolerated by this Court.

## II.

In their Motion to Dismiss State Claims, Defendants urge that this Court to decline to exercise supplemental jurisdiction over the Plaintiff's pendent state law

tort claims.[1] Defendants argue that since remedies sought by Plaintiff for her state tort claims are similar to those sought under her federal claims, the resolution of all claims raised by the complaint in a single forum may lead to jury confusion. *See* Motion to Dismiss (# 17), p. 4–5. This Court disagrees.

It is clear, however, that Plaintiff's state and federal claims arise from a common nucleus of operative fact. Nothing in the record suggests that the resolution of all claims raised by Plaintiff would unduly confuse a jury. Accordingly, in light of considerations such as fairness, convenience, and judicial economy, Defendants' request that this Court decline to exercise its supplemental jurisdiction will be denied. *See Bale v. General Telephone Co. of California,* 795 F.2d 775, 778 (9th Cir.1986).

## III.

By her Motion for Partial Summary Judgment, Plaintiff seeks judgment on her claim for sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). In support of her Motion, Plaintiff asserts the following facts: (1) in 1987, she began her employment at Caesar's Palace as a 21 dealer and was subsequently promoted to floorperson and then to temporary pit supervisor; (2) beginning in 1987 and through 1989, Far East Casino Credit Hosts Nelson Yin Nin Wong ("Wong") and Kenny Mark Ng Houng ("Houng") asked her out for dates and often made sexually offensive remarks; (3) Plaintiff rebuffed all such advances and notified several supervisors of Wong and Houng's inappropriate behavior; (4) following Plaintiff's rejection, both Wong and Houng engaged in sexual retaliation by making several false and conflicting statements to Plaintiff's supervisors; (5) such retaliation resulted in Plaintiff being banned from working in the more prestigious high-roller pits in March 1991; (6) on May 31, 1991, Plaintiff received an anonymous letter which stated that the Far

---

**1.** In light of this Court's denial of Defendants' Motion to Disqualify Kossack, Defendants' request that this Court stay all proceedings pending the resolution of their Motion to Disqualify Plaintiff's Attorney (# 15) is denied as moot.

East Department was trying to make her job so miserable that she would quit; and (7) as a result of the letter and all the events leading up to it, Plaintiff was constructively discharged and suffered an emotional breakdown. *See* Motion for Partial Summary Judgment (# 19), p. 2–29.

Defendants respond that substantial questions of fact exist which preclude summary judgment, including: (1) Wong and Houng's denial that they ever harassed Plaintiff or that they ever made false statements to her supervisors; (2) competent evidence of business justification for excluding Plaintiff from the high-roller pits including evidence that Plaintiff had problems with two high-rollers, Julie Tay and Bettina Ho; and (3) evidence that Plaintiff was not constructively discharged but placed on a medical leave of absence. *See* Opposition (# 27), p. 3–5.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■■■ The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

■■■ If the party seeking summary judgment meets this burden, then summary judgment will be granted unless there is significant probative evidence tending to support the opponent's legal theory. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968); *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270 (9th Cir.1979). Parties seeking to defeat summary judgment cannot stand on their pleadings once the movant has submitted affidavits or other similar materials. Affidavits that do not affirmatively demonstrate personal knowledge are insufficient. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Likewise, "legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment." *Id.*

■■■ A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Jones*, 677 F.2d 1289, 1293 (9th Cir.1982).

■■■ All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor*, 677 F.2d 1297, 1298 (9th Cir.1982).

The trilogy of Supreme Court cases cited above establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555, *quoting* Fed.R.Civ.P. 1). *See also Avia Group Int'l, Inc. v. L.A. Gear Cal.*, 853 F.2d 1557, 1560 (Fed.Cir.1988).

Plaintiff alleges a violation of Title VII on the ground that the actions of Defendants created a sexually hostile environment. *See* Motion for Partial Summary Judgment (# 19), p. 33–38. A prima facie case of hostile environment sexual harassment exists where an employee can show "(1) that he or she was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment." *Ellison v. Brady*, 924 F.2d 872, 876–77 (9th Cir.1991). In determining whether the conduct alleged was sufficiently severe or pervasive to alter the conditions of employment of a woman, the conduct must be evaluated from the perspective of a "reasonable woman." *Id.*, at 879.

In the present case, it is clear that if the events alleged by the Plaintiff did in fact occur, she has adequately stated a cause of action for hostile environment sexual harassment. It is also evident from the record, however, that there exists a dispute regarding whether Plaintiff was actually sexually harassed or whether Defendant Caesars had legitimate business reasons for removing Plaintiff from the "high-roller" pits. *See* Motion for Partial Summary Judgment (# 19), Exhibits, p. 55, 67, 126, 208, 210, 367, 1485–1490, transcript of SIIS proceedings. Considering all factual inferences in favor of Defendants, this Court finds that there exist material questions of fact regarding Plaintiff's claim of sexual harassment which must be resolved by a trier of fact. Plaintiff's Motion for Partial Summary Judgment will, therefore, be denied.

## ORDER

IT IS THEREFORE ORDERED that Defendants' Motion to Disqualify Plaintiff's Attorney (# 15) is hereby denied.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss State Claims; Motion to Stay All Proceedings (# 17) is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment (# 19) is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Rule 11 Sanctions (# 21) and Defendants' Request for Rule 11 Sanctions (# 27) are hereby denied.